UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RONALD EUGENE JAMES,

        Plaintiff,

    v.

ELK GROVE POLICE DEPARTMENT,

        Defendant.

No. 2:21-cv-0683-TLN-EFB P

ORDER

Plaintiff is a county inmate proceeding without counsel in an action brought under 42 U.S.C. § 1983.  Plaintiff initiated this action by filing a document titled, "Civil Lawsuit Complaint."  ECF No. 1.  He followed up that filing with a document titled "U.S. Citizen Felony Complaint."  ECF No. 8.  In addition to these filings, plaintiff has filed an application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  ECF Nos. 7, 9, 12.

## Leave to Proceed In Forma Pauperis

Plaintiff's application makes the showing required by 28 U.S.C. § 1915(a)(1) and (2). Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C. § 1915(b)(1) and (2).

/////

/////

1

1                                                  <u>Screening Standards</u>

2    Federal courts must engage in a preliminary screening of cases in which prisoners seek

3 redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

4 § 1915A(a).  The court must identify cognizable claims or dismiss the complaint, or any portion

5 of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which

6 relief may be granted," or "seeks monetary relief from a defendant who is immune from such

7 relief."  *Id.* § 1915A(b).

8    A pro se plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a)

9 of the Federal Rules of Civil Procedure.  Rule 8(a)(2) "requires a complaint to include a short and

10 plain statement of the claim showing that the pleader is entitled to relief, in order to give the

11 defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v.*

12 *Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).

13 While the complaint must comply with the "short and plaint statement" requirements of Rule 8,

14 its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 556

15 U.S. 662, 679 (2009).

16    To avoid dismissal for failure to state a claim a complaint must contain more than "naked

17 assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of

18 action." *Twombly*, 550 U.S. at 555-557.  In other words, "[t]hreadbare recitals of the elements of

19 a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 556 U.S. at

20 678.

21    Furthermore, a claim upon which the court can grant relief must have facial plausibility.

22 *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual

23 content that allows the court to draw the reasonable inference that the defendant is liable for the

24 misconduct alleged." *Iqbal*, 556 U.S. at 678.  When considering whether a complaint states a

25 claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v.*

26 *Pardus*, 551 U.S. 89 (2007), and construe the complaint in the light most favorable to the

27 plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

28 /////

2

1     <u>Screening Order</u>

2          Plaintiff's original filing in this case, titled, "Civil Lawsuit Complaint," alleges that he

3     was unlawfully arrested and detained by the Elk Grove Police Department on or around August

4     14, 2019.  ECF No. 1.  There are three problems with this complaint requiring that it be dismissed

5     with leave to amend.  First, the underlying claim is *Heck*-barred.  *Heck* holds that if success in a

6     section 1983 action would implicitly question the validity of confinement or its duration, the

7     plaintiff must first show that the underlying conviction was reversed on direct appeal, expunged

8     by executive order, declared invalid by a state tribunal, or questioned by the grant of a writ of

9     habeas corpus.  *Muhammad v. Close*, 540 U.S. 749, 751 (2004); *Heck v. Humphrey*, 512 U.S.

10    477, (1994).  Second, the City of Elk Grove Police Department could only be liable if plaintiff's

11    purported injuries were caused by an officer acting pursuant to a City policy or custom.  *See Mt.*

12    *Healthy City Sch. Dist. Bd. of Ed. v. Doyle*, 429 U.S. 274, 280 (1977); *Monell v. New York City*

13    *Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *Villegas v. Gilroy Garlic Festival Ass'n*, 541 F.3d

14    950, 964 (9th Cir. 2008).  And third, the complaint fails to include a request for relief.  *See* Fed.

15    R. Civ. P. 8(a)(3).

16         It is not clear whether plaintiff's "U.S. Citizen Felony Complaint" (ECF No. 8) was

17    intended to serve as an amended complaint.  In an abundance of caution, the court will screen it.

18    This complaint alleges that plaintiff was unlawfully arrested and detained by the City of

19    Sacramento Police Department on or around November 11, 2020.  It suffers from the same

20    defects as the original complaint.

21         The court also notes that plaintiff's separate claims – against two different police

22    department defendants –  may not be pursued together in a single action.

23              "The controlling principle appears in Fed. R. Civ. P. 18(a): 'A party
               asserting a claim to relief as an original claim, counterclaim, cross-
24             claim, or third-party claim, may join, either as independent or as
               alternate claims, as many claims, legal, equitable, or maritime, as the
25             party has against an opposing party.'  Thus multiple claims against a
               single party are fine, but Claim A against Defendant 1 should not be
26             joined with unrelated Claim B against Defendant 2."

27    *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

28    /////

                                    3

If plaintiff wishes to proceed with this case, he may attempt to correct these deficiencies through an amended complaint.

Leave to Amend

Plaintiff is cautioned that any amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving him of his constitutional rights. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation). Plaintiff may also include any allegations based on state law that are so closely related to his federal allegations that "they form the same case or controversy." *See* 28 U.S.C. § 1367(a).

The amended complaint must also contain a caption including the names of all defendants. Fed. R. Civ. P. 10(a).

Plaintiff may not change the nature of this suit by alleging new, unrelated claims. *See George v. Smith*, 507 F.3d 605 at 607.

Any amended complaint must be written or typed so that it so that it is complete in itself without reference to any earlier filed complaint. E.D. Cal. L.R. 220. This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case. *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (*quoting Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).

Any amended complaint should be as concise as possible in fulfilling the above requirements. Fed. R. Civ. P. 8(a). Plaintiff should avoid the inclusion of procedural or factual background which has no bearing on his legal claims. He should also take pains to ensure that his amended complaint is as legible as possible. This refers not only to penmanship, but also spacing and organization. Plaintiff should carefully consider whether each of the defendants he names actually had involvement in the constitutional violations he alleges. A "scattershot" approach in which plaintiff names dozens of defendants will not be looked upon favorably by the court.

Conclusion

Accordingly, it is ORDERED that:

1.   Plaintiff's application to proceed in forma pauperis (ECF No. 9) is GRANTED.  The Clerk is directed to terminate ECF Nos. 7 & 12;

2.  Plaintiff shall pay the statutory filing fee of $350.  All payments shall be collected in accordance with the notice to the Sacramento County Sheriff filed concurrently herewith;

3.  Plaintiff's complaints (ECF Nos. 1 & 8) are DISMISSED with leave to amend within 30 days from the date of service of this order; and

4.  Failure to comply with this order may result in dismissal of this action.

DATED:  June 14, 2021.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE