UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD EUGENE JAMES,<br><br>Plaintiff,<br><br>v.<br><br>ELK GROVE POLICE DEPARTMENT,<br><br>Defendant. | No.  2:21-cv-0683-TLN-EFB P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff is a county jail inmate proceeding without counsel and in forma pauperis in an action brought under 42 U.S.C. § 1983.  After a dismissal by the court with leave to amend (ECF No. 13), plaintiff has filed a document titled "objections" (ECF No. 17), which takes the form of an amended complaint.[1]  So construed, the court has screened it and recommends that the amended complaint be dismissed without further leave to amend.[2]

/////

---

[1] Accordingly, the July 22, 2021 findings and recommendations (ECF No. 16) issued after plaintiff failed to timely file an amended complaint in accordance with the court's screening order are vacated.

[2] Congress mandates that district courts engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief."  *Id.* § 1915A(b).

1

Plaintiff alleges that on August 19, 2019, he was arrested and searched without probable cause in violation of the Fourth Amendment. He further alleges that he was maliciously prosecuted for driving under the influence without probable cause in violation of his right to due process. He claims that he is representing himself against the criminal charge and that the Sacramento County Superior Court continuously drops his motion to dismiss the charge from its calendar. Plaintiff also takes issue with a court ruling denying his request to personally destroy a document bearing his thumbprint. Among other requests for relief, plaintiff seeks $20 million in damages and the "dismissal of the charges" against him.

It appears from plaintiff's allegations that he is presently involved in proceedings in which he is a criminal defendant that he wishes to challenge in this case. This action fails for this reason alone. Claims challenging aspects of the proceedings and rulings in an ongoing case must be raised in those proceedings or on appeal afterwards. This court must abstain from hearing those challenges based on the *Younger* Abstention Doctrine. *See Younger v. Harris*, 401 U.S. 37, 45, 46 (1971). *Younger* requires a district court to dismiss a federal action if the relevant state proceedings are: (1) ongoing, (2) implicate important state interests, and (3) provide plaintiff an adequate opportunity to raise the federal issue. *Columbia Basin Apartment Ass'n v. City of Pasco*, 268 F.3d 791, 799 (9th Cir. 2001). All of these elements appear satisfied here – the criminal proceedings appear to be ongoing, important state interests are implicated in a criminal prosecution, and there is no indication that plaintiff could not raise his claims in his criminal cases. Further, there is no allegation of extraordinary circumstances which would warrant federal intervention. *See Younger*, 401 U.S. at 45 (federal courts may not intervene in state criminal actions "except under extraordinary circumstances where the danger of irreparable loss is both great and immediate.").

Further, the court notes that if plaintiff has since been convicted of the crime for which he was arrested, his claims are barred by *Heck v. Humphrey*, 512 U.S. 477, (1994). *Heck* holds that if success in a section 1983 action would implicitly question the validity of confinement or its duration, the plaintiff must first show that the underlying conviction was reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or questioned by the

grant of a writ of habeas corpus. *Muhammad v. Close*, 540 U.S. 749, 751 (2004). Thus, assuming a conviction in the underlying criminal case, if plaintiff were to succeed here on his constitutional claims, it would call into question the validity of his conviction and confinement. As a general rule, a challenge in federal court to the fact of conviction or the length of confinement must be raised in a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. *See Preiser v. Rodriguez*, 411 U.S. 475 (1973).

For these reasons, plaintiff's amended complaint must be dismissed without leave to amend. *See Gardner v. Martino*, 563 F.3d 981, 990 (9th Cir. 2009); *Silva v. Di Vittorio*, 658 F.3d 1090, 1105 (9th Cir. 2011) ("Dismissal of a pro se complaint without leave to amend is proper only if it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." (internal quotation marks omitted)); *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995) ("[A] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not be cured by the allegation of other facts.").

Accordingly, IT IS ORDERED that the July 22, 2021 findings and recommendations (ECF No. 16) are vacated.

Further, IT IS RECOMMENDED that this action be dismissed pursuant to 28 U.S.C. § 1915A.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: October 14, 2021.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE